UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

HECTOR CID-BARRIOS,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.
_____/

Case No. 1:26-cv-411

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.14–15.)

In an Order entered on February 18, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 5.) Respondents filed their response on February 23, 2026 (ECF No. 6), and Petitioner filed his reply on February 26, 2026 (ECF No. 7).

## II.    Factual Background

Petitioner is a native and citizen of Mexico. (Pet., ECF No. 1, PageID.5.) Petitioner entered the United States over twenty-five years ago without inspection. *Cid-Barrios v. Raycraft*, No. 1:25-cv-1898, 2025 WL 3771231, at *2 (W.D. Mich. Dec. 31, 2025).

"On July 1, 2013, United States Border Patrol (USBP) agents encountered Petitioner near Monroe, Michigan. At that time, USBP issued Petitioner a Form I-862, Notice to Appear, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA)." *Id.* (internal citations omitted). Petitioner subsequently filed a Form 42-B, Application for Cancellation of Removal for Certain Non-Permanent Residents and Adjustment of. *Id.* On May 12, 2021, an immigration judge denied Petitioner's Form 42-B application but granted Petitioner permission to voluntarily depart the United States. (Pet., ECF No. 1, PageID.8.) Petitioner's appeal of that decision remains pending. (*Id.*)

On October 7, 2025, ICE agents arrested Petitioner. (*Id.*) Petitioner then filed his first § 2241 petition challenging his detention without a bond hearing in *Cid-Barrios v. Raycraft*, No. 1:25-cv-1898 (W.D. Mich.) (*Cid-Barrios I*). In *Cid-Barrios I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. *Cid-Barrios I*, 2025 WL 3771231.

On January 7, 2026, Petitioner received a bond hearing pursuant to § 1226(a). At that hearing, the immigration judge "denied bond on the ground that Petitioner posed a flight risk." (Pet., ECF No. 1, PageID.9.)

2

### III.  Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.  Discussion

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on January 7, 2026. The Detroit Immigration Court denied Petitioner's request for a bond, concluding that, "the fact that he's has already been ordered removed, uh, would indicate to me that he is a flight risk and does not warrant release on bond at this time." (Audio of Bond Hearing, 11:54–12:05.)

In his § 2241 petition, Petitioner challenges the findings of the Detroit Immigration Court as related to the denial of his bond, arguing that the finding that Petitioner is a flight risk is inconsistent with the fact that an immigration judge previously granted Petitioner voluntary departure, "which requires a finding by clear and convincing evidence that the noncitizen 'intends to depart the United States' if ordered removed." (Pet., ECF No. 1, PageID.9.) Respondents argue, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies.

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.,*

*Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at \*2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at \*2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at \*2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at \*2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner's specific claims involve challenges to the immigration judge's factual determinations in the bond decision. (*See* Pet., ECF No. 1, PageID.9–10.) Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA. Therefore, Petitioner has not exhausted his

administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      March 2, 2026                                    /s/ Jane M. Beckering
                                                            Jane M. Beckering
                                                            United States District Judge